UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HOWARD J. GARNER,                                    MEMORANDUM DECISION
                                                                   AND ORDER
                         Plaintiff,                         03 CV 9617 (GBD)

        -against-

BALLY TOTAL FITNESS CORP.,

                         Defendant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

  Plaintiff Howard J. Garner, a 51 year old African-American, sued his former employer, defendant Bally Total Fitness Corp., for race and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and New York Executive Law § 296.[1] At the close of discovery, defendant moved for summary judgment on all of plaintiff's claims. The motion was referred to Magistrate Judge Douglas F. Eaton for a Report and Recommendation ("Report"). In his Report, Magistrate Judge Eaton recommended that this Court grant defendant's motion for summary judgment. Plaintiff filed timely objections to the Report.

  The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The Court is not required to conduct a *de novo* hearing on the matter. United States v. Raddatz, 447 U.S. 667, 676 (1980). "It is sufficient that the district court arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made . . . ."

---

[1] Plaintiff withdrew his 42 U.S.C. § 1983 claim that was originally alleged in the complaint.

Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).

The Court is obligated to exercise "sound judicial discretion with respect to whether reliance should be placed on [the magistrate judge's] findings." Am. Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y.1981), aff'd, 697 F.2d 287 (2d Cir. 1982). The Court, however, "may adopt the uncontested portions of the report unless they show clear error." La Barbera v. A.F.C. Enterprises, Inc., 402 F.Supp.2d 474, 476-77 (S.D.N.Y. 2005) (citations omitted). With respect to the portions of the Report to which no objections were made, those findings are not clearly erroneous. As to the portions of the Report to which plaintiff objects, this Court has considered the objections and finds them to be without merit. The report is adopted and summary judgment is granted in favor of defendant.

Plaintiff was suspended without pay and transferred to another Bally's facility as discipline for insubordination after he refused an order by a supervisor to tuck in his Bally's uniform shirt. Magistrate Judge Eaton determined that plaintiff failed to offer any evidence that defendant's Senior Director of Human Resources—the person responsible disciplining plaintiff—possessed any knowledge of plaintiff's race or age when the decision was made to suspend and transfer plaintiff. Therefore, Magistrate Judge Eaton concluded that plaintiff failed to adduce admissible evidence of any circumstances giving rise to an inference of race or age discrimination.

A *prima facie* discrimination case is established if the plaintiff can show: (1) that he is a member of a protected class; (2) that his job performance was satisfactory; (3) that he was subjected to an adverse employment action; and (4) that the adverse employment action occurred

under circumstances giving rise to an inference of discrimination.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).[2]  A defendant's discriminatory intent, however, "cannot be inferred, even at the *prima facie* stage, from circumstances unknown to the defendant." Woodman v. WWOR-TV, Inc., 411 F.3d 69, 82 (2d. Cir. 2005); see also  Raytheon Co. v. Hernandez, 540 U.S. 44, 55 n.7 (2003) ("If [the employer] were truly unaware that such a [protected status] existed, it would be impossible for [its decision] to have been based, even in part, on [the employee's protected status].").

Moreover, an alleged adverse employment action gives rise to an inference of discrimination only if the plaintiff "demonstrate[s] that the employer treated [him] less favorably than a similarly situated employee outside the protected group."  Graham v. Long Island Rail Road, 230 F.3d 34, 39 (2d Cir. 2000).  Such employees must be similarly situated "in all material respects," Schumway v. United Parcel Service, Inc., 118 F.3d 60, 64 (2d Cir. 1997), and "must have been subject to the same disciplinary standards and have engaged in conduct of comparable seriousness."  Graham, 230 F.3d at 42.

Here, plaintiff objects to Magistrate Judge Eaton's finding that the Senior Director, who made the decision to suspend and then to transfer plaintiff, had no knowledge of plaintiff's race when those decisions were made.  Consequently, plaintiff objects to Magistrate Judge Eaton's ultimate conclusion that plaintiff cannot show circumstances giving rise to an inference of race discrimination.

---

2 A plaintiff must establish the same four elements under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §  621 *et seq.*, and New York Executive Law § 296.  Austin v. Ford Models, Inc., 149 F.3d 148, 152-53 (2d Cir. 1998).

Plaintiff insists that he did in fact establish his *prima facie* case. He claims that he was treated differently than a similarly situated Bally employee—a Caucasian pilates instructor who was also wearing his shirt untucked yet was not told to tuck the shirt in. Plaintiff claims that he was publicly scolded by his supervisor while this similarly situated Caucasian was not. Plaintiff also maintains that the Senior Director who disciplined him conferred with two supervisors who knew plaintiff's race, and the decision to discipline plaintiff was therefore a joint or cooperative decision. These facts, plaintiff argues, create an inference of race discrimination.

Plaintiff's evidence is insufficient to establish a *prima facie* case of discrimination. It is not enough for plaintiff to show that he was told to tuck in his shirt while the white pilates instructor was not.[3] That was not the adverse employment action. Rather, the adverse employment action here was plaintiff's suspension and transfer, and it was plaintiff's insubordination in response to his supervisor's order that led to his being disciplined, *not* the mere act of wearing an untucked shirt. The pilates instructor did not refuse a supervisor's request to tuck in his shirt. Thus, plaintiff and the pilates instructor did not engaged in "comparable conduct" and were therefore not similarly situated for purposes of a race discrimination claim. See Graham, 230 F.3d at 40 ("the standard [the Second Circuit] used in Schumway requires plaintiff to show that similarly situated employees who went undisciplined engaged in comparable conduct").[4]

---

3 Plaintiff offers no evidence as to the pilates instructor's age. Thus, that claim is considered abandoned, and, in any event, plaintiff's age discrimination claim necessarily must fail.

4 In his Report, Magistrate Judge Eaton concluded that an adverse employment action against plaintiff may have occurred when plaintiff was suspended and then forced to transfer to a different job location for insubordination. Plaintiff has submitted no evidence that the pilates instructor was subject to the same dress code or that defendant's act of directing plaintiff to tuck in his shirt, and the exchange that followed, qualified as an adverse employment action.

Moreover, even if the decision to discipline plaintiff was made by the Senior Director after conferring with two of plaintiff's supervisors, there is still no evidence that the Senior Director was ever made aware of plaintiff's race or age, or that race or age was in any way a factor in the decision to suspend and transfer plaintiff. The Senior Director's testimony that he was unaware of plaintiff's race until this lawsuit remains uncontradicted. Magistrate Judge Eaton properly found that plaintiff offered no evidence that the Senior Director who made the decision to suspend and transfer plaintiff knew plaintiff's race or age at the time he was disciplined.

Plaintiff has failed to establish that he was subjected to an adverse employment action which occurred under circumstances giving rise to an inference of discrimination. Defendant's motion for summary judgment is GRANTED and this case is DISMISSED.

Dated: New York, New York
October 10, 2006

SO ORDERED:

*George B Daniels*

GEORGE B. DANIELS
United States District Judge